This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Philip Archer has appealed from his conviction in the Wadsworth Municipal Court for operating an overweight truck on a state route. This Court affirms.
 I.
Archer was cited for operating an overweight truck on a state route, in violation of Section 440.01(A) of the Codified Ordinances of the Village of Seville. He pleaded not guilty, and the matter was tried before the court. The court found Archer guilty and sentenced him accordingly.
Archer has timely appealed and has assigned two errors for our review.
 II. FIRST ASSIGNMENT OF ERROR
 THE JUDGMENT OF CONVICTION IS NOT SUPPORTED BY THE EVIDENCE BECAUSE THE VILLAGE FAILED TO PROVE THE SCALE USED TO WEIGH DEFENDANT'S TRUCK WAS OPERATING PROPERLY. ACCORDINGLY, THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO PROVE THE OFFENSE.
Archer contends that the state failed to prove that the scales used to weigh his vehicle were sealed in conformity with the law and therefore, the trial court erred by finding him guilty of operating an overweight vehicle. The state argues that Archer waived his right to contest the issue because he did not cross-examine the operator on the matter. However, the Supreme Court of Ohio has held that the burden of proof is clearly on the state:
 [I]n order to establish a prima facie case on a charge of vehicle overload, the state must prove that the scale used in weighing the vehicle had affixed to it the type of official seal customarily employed by municipal, county or state sealers in the performance of their duties under R.C. 4513.33[.]
State v. Gribble (1970), 24 Ohio St.2d 85, 88. If the seal is thus described, "the law rebuttably presumes that the sealer performed his statutory duties in accordance with the requirements of [R.C. 4513.33]."Id. at 89.
"The test for `insufficient evidence' requires the court to view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Leggett (Oct. 29, 1997), Summit App. No. 18303, unreported. This Court must determine, as a matter of law, whether the evidence was legally sufficient to support a conviction. Id. "In essence, sufficiency is a test of adequacy." Statev. Thompkins (1997), 78 Ohio St.3d 380, 386.
In the instant case, the scale operator testified as follows:
 PROSECUTOR: Is there a procedure or a program by which the scales are checked by the State of Ohio to verify that they're in proper working order?
 OPERATOR: Yes. We have Mettler Toledo. They come in twice a year and calibrate. And then (INAUDIBLE) a statement there, a document, showing they come in once a year and calibrate the scales also.
 PROSECUTOR: During the three years that you've worked at the eastbound scales have they been continuously certified by the State of Ohio and by the independent calibre?
OPERATOR: Yes.
 PROSECUTOR: Were they so sealed on April 18th of this year?
OPERATOR: Yes.
 PROSECUTOR: Did you have occasion — Were you working on April 18th?
OPERATOR: Yes, I was.
The state presented sufficient evidence to demonstrate that the scale was sealed by the state of Ohio, verifying that the scale was in proper working order on the day Archer's vehicle was weighed. Thus, a rebuttable presumption that the scale was properly sealed was created. Archer did not challenge this presumption in the trial court.
This Court finds that when viewing the evidence in a light most favorable to the prosecution in this case, a rational trier of fact could have found the essential elements of operating an overweight vehicle on a state route beyond a reasonable doubt. Accordingly, the first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR EVEN IF THE VILLAGE PROVED THE WEIGHT OF THE TRUCK, THE JUDGMENT IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE VILLAGE FAILED TO PROVE BEYOND A REASONABLE DOUBT THE ALLEGED OFFENSE OCCURRED ON A STATE ROUTE.
In his second assignment of error, Archer contends that his conviction is against the manifest weight of the evidence. Archer argues that because "[t]he evidence was conflicting as to whether Archer was ever on a state route before being stopped by the arresting officer[,]" the state failed to prove that element of the offense and therefore, his "conviction is truly against the manifest weight of the evidence." This Court disagrees.
"A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." Statev. Haydon (Dec. 22, 1999), Summit App. No. 19094, unreported, citingState v. Gilliam, (Aug. 12, 1998), Lorain App. No. 97CA006757, unreported, appeal not allowed (2000), 88 Ohio St.3d 1482. Additionally, it is well established that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts."State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
After a review of the record, this Court cannot conclude that the trial court lost its way or created a manifest miscarriage of justice such that Archer's conviction must be reversed. Accordingly, Archer's argument that his conviction is against the manifest weight of the evidence is overruled.
 III.
The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ____________________________ DONNA J. CARR
BAIRD, P.J., SLABY, J. CONCUR.